FILED
2026 Sep-08 AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JAYLIN ARTEZ PATTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF BIRMINGHAM, ALABAMA; BIRMINGHAM POLICE OFFICER JOHN DOE 1, individually; and BIRMINGHAM POLICE OFFICER JOHN DOE 2, individually,**<br><br>**Defendants.** | **CASE NO.:**<br><br>**JURY DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiff, Jaylin Artez Patton, by and through the undersigned counsel, and files this Complaint against Defendants City of Birmingham, Alabama, Birmingham Police Officer John Doe 1, and Birmingham Police Officer John Doe 2, and states as follows:

## I. INTRODUCTION

1. This is a civil-rights action arising from the use of excessive and unreasonable deadly force by Birmingham police officers acting under color of state law.

2. On September 4, 2024, Plaintiff Jaylin Artez Patton was pursued by officers of the Birmingham Police Department in Birmingham, Alabama.

3. The pursuit ultimately ended along Interstate 20/59 near the Kingston community in Birmingham.

4. Patton exited his vehicle, climbed over a fence separating the interstate from the adjacent community, and continued running away from the pursuing officers.

5. After Patton crossed the fence and while he was continuing to move away from the officers, one or both Defendant Officers opened fire upon him.

6. Upon information and belief, at least fifteen shots were fired at Patton.

7. Patton did not discharge a firearm at either officer or at any other person during the encounter.

8. Upon information and belief, Patton sustained gunshot wounds to his abdomen or stomach area and/or his leg.

9. The use and continuation of deadly force against Patton while he was moving away from the officers and was not firing upon them was excessive and objectively unreasonable under the circumstances.

10. This action does not challenge the validity of any criminal conviction arising from the events of September 4, 2024. Patton's claims concern only the constitutionality of the force used against him at the time the Defendant Officers opened and continued firing.

11. As a direct and proximate result of Defendants' conduct, Patton suffered serious physical injuries, pain and suffering, medical expenses, scarring, mental anguish, emotional distress, and other damages.

## II. JURISDICTION AND VENUE

12. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

13. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the acts and omissions giving rise to Plaintiff's claims occurred in Birmingham, Jefferson County, Alabama, within the Northern District of Alabama, Southern Division.

## III. PARTIES

15. Plaintiff Jaylin Artez Patton is an adult resident citizen of the State of Alabama.

16. Defendant City of Birmingham, Alabama ("City") is a municipal corporation organized and existing under the laws of the State of Alabama and operates the Birmingham Police Department.

17. At all relevant times, Officer John Doe 1 was a sworn Birmingham Police Department officer employed by the City of Birmingham and acting under color of state law.

18. Officer John Doe 1 is the presently unidentified Birmingham Police Department officer who, on September 4, 2024, participated in the vehicular and foot pursuit of Patton near Interstate 20/59 between Tallapoosa Street and Airport Boulevard and discharged his service weapon at Patton after Patton crossed the fence and continued fleeing on foot.

19. Officer John Doe 1 is sued in his individual capacity.

20. At all relevant times, Officer John Doe 2 was a sworn Birmingham Police Department officer employed by the City of Birmingham and acting under color of state law.

21. Officer John Doe 2 is the presently unidentified Birmingham Police Department officer who participated with Officer John Doe 1 in the September 4, 2024 pursuit of Patton, was present during the foot pursuit and shooting after Patton crossed the fence, and either discharged a firearm at Patton or was in a position to observe and intervene in the continued use of deadly force.

22. Officer John Doe 2 is sued in his individual capacity.

23. Officer John Doe 1 and Officer John Doe 2 are referred to collectively as the "Defendant Officers."

24. The actual names of the Defendant Officers are presently unknown to Plaintiff but are readily identifiable from records within the possession, custody, or control of the City of Birmingham and other law-enforcement agencies, including body-worn-camera footage, dash-camera footage, dispatch records, pursuit records, use-of-force reports, firearms-discharge records, ammunition records, and investigative records concerning the September 4, 2024 incident.

25. Plaintiff previously requested that the City identify the officers involved in the pursuit and shooting.

26. Plaintiff will substitute the Defendant Officers' true names promptly upon confirmation of their identities.

**IV. FACTUAL ALLEGATIONS**

27. On September 4, 2024, Patton was in Birmingham, Alabama.

28. Before the pursuit began, Birmingham police officers had observed Patton at or near a gas station.

29. Thereafter, Birmingham police officers attempted to stop Patton, and a vehicular pursuit ensued.

30. The pursuit proceeded onto or along Interstate 20/59 and ultimately ended between Tallapoosa Street and Airport Boulevard near Birmingham's Kingston community.

31. After the vehicle came to a stop, Patton exited the vehicle and fled from the officers on foot.

32. Patton ran toward a fence separating Interstate 20/59 from the adjacent residential community.

33. Patton climbed over the fence.

34. After crossing the fence, Patton continued running away from the Defendant Officers.

35. Patton was moving away from the Defendant Officers when the shooting occurred.

36. Patton did not fire a weapon at the Defendant Officers.

37. Patton did not fire a weapon at any other person.

38. Nevertheless, after Patton crossed the fence and continued running away, one or both of the Defendant Officers discharged deadly force against him.

39. Upon information and belief, the Defendant Officers, individually or collectively, fired at least fifteen shots at Patton.

40. The precise number of rounds discharged by each individual Defendant Officer is presently within the possession and control of Defendants and related law-enforcement agencies.

41. Likewise, whether both Defendant Officers discharged their firearms or whether one fired while the other participated in the pursuit and observed the shooting is information presently within Defendants' exclusive or superior knowledge.

42. The constitutional reasonableness of deadly force must be assessed at the time each use of force occurred.

43. Even if a Defendant Officer initially perceived circumstances warranting some degree of force, the officer was required to reassess the necessity for deadly force as the circumstances changed.

44. The continued firing of multiple rounds at a person moving away from the officers after crossing the fence was a separate and continuing application of deadly force.

45. At the time the Defendant Officers fired and continued firing, Patton was not firing upon the officers or anyone else.

46. Upon information and belief, Patton suffered gunshot wounds to his abdomen, stomach area, and/or to his leg.

47. Patton required substantial medical treatment following the shooting.

48. Patton was transported to and treated at UAB Hospital and underwent surgical treatment for his injuries.

49. Patton suffered and continues to suffer physical pain, scarring, physical impairment, emotional distress, mental anguish, and other consequences of his gunshot injuries.

50. The Defendant Officers were acting within the course and scope of their employment with the Birmingham Police Department and under color of Alabama law during the pursuit and shooting.

51. The precise allocation of responsibility between Officer John Doe 1 and Officer John Doe 2 is presently unknown because the City has not provided Plaintiff with the identities of the involved officers or the complete body-camera, firearm-discharge, and use-of-force records.

52. Plaintiff therefore pleads the direct-participation and failure-to-intervene theories in the alternative as permitted by the Federal Rules of Civil Procedure.

**COUNT I**

**EXCESSIVE FORCE / UNREASONABLE DEADLY FORCE**

**42 U.S.C. § 1983 — Against Officer John Doe 1 and Officer John Doe 2**

53. Plaintiff realleges and incorporates paragraphs 1 through 52 as if fully set forth herein.

54. At all relevant times, the Defendant Officers acted under color of state law.

55. The Fourth Amendment protects individuals from the use of excessive and objectively unreasonable force by law-enforcement officers.

56. Firing a firearm at a person constitutes deadly force.

57. The Defendant Officers knew that Patton was fleeing from them on foot.

58. Patton had crossed the fence and was moving away from the Defendant Officers when one or both officers opened fire.

59. Patton did not discharge a firearm at the Defendant Officers or any other person.

60. Upon information and belief, one or both Defendant Officers fired at least fifteen shots at Patton.

61. The Defendant Officers' use and continuation of deadly force was objectively unreasonable under the totality of the circumstances existing at the time the shots were fired.

62. To the extent a Defendant Officer reasonably perceived an immediate threat before or at the commencement of the shooting, the continued use of deadly force became unreasonable once any such immediate threat ceased.

63. Each shot and each continuation of the volley had to be justified by the circumstances confronting the officer at that time.

64. A law-enforcement officer may not continue using deadly force merely because deadly force arguably may have been justified at some earlier moment in an encounter.

65. To the extent both Defendant Officers discharged their weapons, each is liable for the excessive and unreasonable force he personally used against Patton.

66. As a direct and proximate result of the Defendant Officers' excessive force, Patton suffered the physical injuries and damages described herein.

67. The Defendant Officers acted intentionally, willfully, recklessly, and/or with callous disregard for Patton's clearly established constitutional rights.

68. Plaintiff is entitled to recover compensatory damages, punitive damages against the individual Defendant Officers, and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT II**

**FAILURE TO INTERVENE**

**42 U.S.C. § 1983 — Against Defendant Officers, in the Alternative**

69. Plaintiff realleges and incorporates paragraphs 1 through 52 as if fully set forth herein.

70. This Count is pleaded in the alternative to Count I to the extent discovery establishes that only one Defendant Officer personally discharged a firearm at Patton.

71. At all relevant times, the Defendant Officers were acting under color of state law.

72. A law-enforcement officer who observes another officer using unconstitutional force and has a realistic opportunity to prevent or stop that force has a duty to intervene.

73. Upon information and belief, Officer John Doe 1 and Officer John Doe 2 participated together in the pursuit that immediately preceded the shooting and were present when deadly force was used against Patton.

74. To the extent either Defendant Officer did not personally discharge his firearm, that officer observed or was aware of the other officer's use and continuation of deadly force.

75. Upon information and belief, the non-shooting officer had a realistic opportunity to prevent, stop, or lessen the continued use of excessive deadly force but failed to do so.

76. The failure to intervene allowed the excessive use of deadly force against Patton to continue.

77. As a direct and proximate result of the failure to intervene, Patton suffered the injuries and damages described herein.

78. The Defendant Officer's conduct was intentional, reckless, and/or in callous disregard of Patton's clearly established constitutional rights.

79. Plaintiff is entitled to compensatory damages, punitive damages against the individual Defendant Officers, and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT III**

**MUNICIPAL LIABILITY**

**42 U.S.C. § 1983 — Against the City of Birmingham**

80. Plaintiff realleges and incorporates paragraphs 1 through 52 as if fully set forth herein.

81. The City of Birmingham is responsible for establishing, implementing, and enforcing policies, customs, practices, training, and supervision governing Birmingham Police Department officers' use of deadly force.

82. Before the September 4, 2024 shooting of Patton, the City had actual notice of the constitutional risks associated with Birmingham police officers' use of deadly force at the conclusion of police pursuits.

83. Among other notice, in *Hardin, et al. v. City of Birmingham, et al.*, Case No. 2:21-cv-01002, litigation arising from a Birmingham police pursuit and shooting, the United States District Court for the Northern District of Alabama held that a reasonable jury could find a Birmingham police officer's use of deadly force after a pursuit unconstitutional.

84. On February 1, 2024, approximately seven months before the shooting at issue here, a federal jury found that the Birmingham police officer's use of gunfire in that case was excessive or unreasonable.

85. Thus, before Patton was shot, the City had actual notice of the need to ensure that its officers were adequately trained and supervised concerning the constitutional limitations upon deadly force at the conclusion of pursuits, including the requirement that officers evaluate whether a suspect presents an immediate threat at the moment deadly force is employed and cease using deadly force once the justification for that force no longer exists.

86. Despite that notice, the City failed to take adequate corrective action and failed to provide adequate additional training, supervision, and/or discipline addressing those known deficiencies and risks.

87. Upon information and belief, the City's failure to adequately address the known risk of unconstitutional deadly force following police pursuits amounted to deliberate indifference to the constitutional rights of persons with whom Birmingham police officers would come into contact.

88. The City's deliberate indifference was a moving force behind the unconstitutional use and continuation of deadly force against Patton on September 4, 2024.

89. As a direct and proximate result, Plaintiff suffered the injuries and damages described herein.

90. Plaintiff seeks compensatory damages, attorney's fees, costs, and all other relief available under federal law against the City of Birmingham, but does not seek punitive damages against the City.

## V. DAMAGES

91. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including physical injuries and bodily pain; permanent or continuing impairment and scarring; past and future medical expenses; mental anguish and emotional distress; lost income and other economic losses to the extent proven; and other compensatory damages to be established at trial.

92. Plaintiff further seeks punitive damages against the individual Defendant Officers based upon their reckless or callous disregard of Plaintiff's federally protected rights.

## VI. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Jaylin Artez Patton respectfully requests that this Court enter judgment in his favor and against Defendants and award:

A. Compensatory damages in an amount to be determined by the jury;

B. Punitive damages against Officer John Doe 1 and Officer John Doe 2 in an amount sufficient to punish and deter unconstitutional conduct;

C. Reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988;

D. Prejudgment and post-judgment interest as allowed by law;

E. Such limited and expedited discovery as may be necessary to confirm the identities of Officer John Doe 1 and Officer John Doe 2; and

F. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

*Respectfully* submitted on this the 4th day of September, 2026,

*/s/ Johnathan F. Austin*
Johnathan F. Austin, Esq.

AUSTIN LAW, P.C.
115 Richard Arrington Jr. Blvd. North, Ste. 207
Birmingham, AL 35203
Ph: (205) 538-0169
Facsimile: (205) 707-1168
E: austin@jaustinlawpc.com
*Attorney for Plaintiff*

**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESSES:**

City of Birmingham, Alabama
Attn: City Clerk
710 20th St North
Birmingham, AL 35203

Officer John Doe 1
1710 1st Ave N
Birmingham, AL 35203

Officer John Doe 2
1710 1st Ave N
Birmingham, AL 35203

*/s/ Johnathan F. Austin*
Johnathan F. Austin, Esq.